IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>LUIS ALBERTO ROCHA,<br><br>Defendant/Movant. | Cause No. CR 20-31-BU-DLC<br>CV 23-45-BU-DLC<br><br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Luis Alberto Rocha's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Rocha is a federal prisoner proceeding pro se. The Court previously directed Rocha to show cause why his motion should not be denied for being untimely. (Doc. 47.) Rocha responded. (Doc. 48.)

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98

1

F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II.  Timeliness of the Motion

A prisoner in federal custody may petition a district court for relief on the ground that (1) the sentence imposed violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to impose such a sentence, (3) the sentence imposed exceeds the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

As the Court explained in its prior Order, a one-year limitations period applies to motions filed by federal prisoners under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Time begins to run on the latest of four "trigger" dates. *See* 28 U.S.C. § 2255(f); *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc). A motion that is untimely under the statute may nonetheless be heard if the movant can show that he is entitled to equitable tolling or that he is actually innocent. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631 (2010); *McQuiggin v. Perkins*, 569 U.S. 383 (2013). The Court directed Rocha to show cause why his motion should not be

2

dismissed with prejudice as time-barred.[1] (Doc. 47 at 2.)

Rocha makes two arguments in his response. (Doc. 48.) First, he claims that the COVID pandemic created conditions beyond his control that prevented him from filing until the time he did. Second, he argues that the May, 2023 case of *U.S. v. Castillo*, 69 F.4th 648 (9th Cir. 2023), means that he should be resentenced. Neither of these arguments is availing.

First, Rocha's pandemic argument is unpersuasive. Circumstances warranting equitable tolling are limited and require the movant to "show[ ] '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).) *See also United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (applying the *Holland* equitable tolling standard for § 2255 motions). "Equitable tolling determinations are 'highly fact-dependent.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam)). Extraordinary circumstances beyond the

---

[1] The Court's prior Order incorrectly stated that his motion should have been filed by June 25, 2022. The one year runs from the date he failed to file an appeal, i.e., one year and fourteen days from his amended judgment, July 9, 2021. Fed. R. App. P. 4.

3

defendant's control must make it "impossible to file a petition on time" and be the "cause of [the defendant's] untimeliness." *Battles*, 362 F.3d at 1197.

"[F]or a litigant to demonstrate he has been pursuing his rights diligently ... he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim[s] in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2010) (internal citations and quotation marks omitted).

District courts have widely found that prison lockdowns due to the COVID-19 pandemic do not constitute "extraordinary circumstances," especially where defendants fail to specify how the lockdowns impacted their ability to pursue their claims. *See, e.g., Valles v. Allison*, 2023 WL 2447520, at *8 (S.D. Cal. Mar. 10, 2023) (collecting cases); *Gibson v. Allison*, 2022 WL 17345919, at *3 (C.D. Cal. Oct. 27, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 17340463 (C.D. Cal. Nov. 29, 2022).

Rocha's assertions regarding his ability to file a § 2255 motion during the COVID pandemic are too conclusory to warrant equitable tolling. *See Robinson v. Marshall*, 405 F. App'x 241, 242 (9th Cir. 2010) ("[Petitioner] contends that he is entitled to equitable tolling based on his inability to access the law library during extended prison lockdowns. This contention fails because [petitioner] did not

4

demonstrate how limited access to the library was the cause of his failure to timely file his petition.") Rocha states that "[t]hroughout the Covid Pandemic Defendant remained in quarantine units which were constantly on lock-downs, Defendant was unable to access the law library as well as the LexisNexis database for legal materials needed to pursue his legal matters." Rocha is especially vague regarding when these obstacles were removed. He states that the pandemic "officially ended as a national emergency on April 10, 2023," but that says nothing about whether he could or could not have accessed materials sufficient to file his motion before that time.

The Court is not persuaded by these vague assertions of obstacles to his filing. Rocha may have filed a less researched or persuasive motion than he would have in more ideal circumstances, but filing nothing for almost two years does not manifest a diligent attempt to overcome any challenges. Rocha's motion was not timely.

The second way to avoid the one-year restriction is to establish actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). In *Allen v. Ives*, a movant was able to take advantage of this exception to get the benefit of a changed guideline, which is what Rocha seeks here, because he established that he was "actually innocent" of being a career offender as defined in U.S.S.G § 4B1.2(b).

5

*Allen v. Ives*, 950 F.3d 1184, 1189 (9th Cir. 2020). Rocha's motion makes a similar argument, relying on *U.S. v. Castillo*, which was decided in May 2023.

In *U.S. v. Castillo*, the defendant appealed the career offender designation, arguing that one of his underlying convictions, for conspiracy, was not properly considered a "controlled substance conviction." The Ninth Circuit held a conspiracy conviction does not qualify as a 'controlled substance offense' under U.S.S.G. § 4B1.2(b), because conspiracy is an inchoate crime that is not specifically listed as a "controlled substance offense" for the career enhancement. *United States v. Castillo*, 2023 WL 3732587, at *5 (9th Cir. May 31, 2023.)

However, the holding of *Castillo* does not serve Rocha here for two reasons. First, the applicability of *Allen*'s idea of actual innocence has been cabined since. Currently, *Allen* is limited to petitioners who "received a mandatory sentence under a mandatory sentencing scheme." *Shepherd v. Unknown Party, Warden, FCI Tucson*, 5 F.4th 1075, 1078 (9th Cir. 2021). Rocha is not such a defendant, since he was sentenced under only advisory guidelines. *Shepherd's* analysis is applicable to Rocha's case because their situations are parallel. If this Court had not imposed the career enhancement, Rocha's advisory guideline range would have been 92 – 115 months. Rocha received 96 months. Therefore, he was sentenced within the advisory guideline range in any event, making him not "actually innocent" of the

sentence he received. *Shepherd v. Unknown Party, Warden, FCI Tucson*, 5 F.4th 1075, 1078 (9th Cir. 2021).

The final problem with Rocha's motion, and his request to be resentenced, is that the guideline has been amended. The Ninth Circuit's holding in *Castillo* would be inapplicable to Defendant, because his conspiracy conviction would again qualify him for a career offender enhancement. *See Amendment 822* to U.S.S.G. § 4B1.2, effective Nov. 1, 2023: "The terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense." Rocha is not entitled to the application of *Castillo* to his case, but even if he were, there would be no change in his guideline calculation. Thus, the Court finds the Ninth Circuit's *Castillo* decision does not constitute an extraordinary and compelling circumstance to warrant relief.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2255 Proceedings. A certificate should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, no reasonable jurist would find that Rocha's motion was timely or that he would receive a different sentence upon remand.  A certificate of appealability is not warranted.

Accordingly, it is HEREBY ORDERED:

1. Rocha's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 45) is DENIED.

4.  A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Rocha files a Notice of Appeal.

5.  The clerk shall ensure that all pending motions in this case and in CV 23-45-BU-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Rocha.

DATED this 3rd day of November, 2023.

Dana L. Christensen, District Judge
United States District Court